UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH CHAPMAN,

    Plaintiff,

v.

COUNTY OF WAYNE, et al.,

    Defendants.
_____/

Civil Action No. 24-13284

Honorable Denise Page Hood

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (ECF No. 1)**

**I.  BACKGROUND**

This matter is before the Court on a Motion for Temporary Restraining Order and Preliminary Injunction filed on December 10, 2024 by Plaintiff Kenneth Chapman against Defendants County of Wayne, Wayne County Treasurer Eric Sabree, City of Detroit, Shirley Hailey, and Citywide Realestate Investments LLC. (ECF No. 1) No Complaint nor request for Summons were filed with the Motion. The Motion asserts that Chapman's home was improperly sold at an Auction to Hailey. Chapman is facing an illegal foreclosure on his home and eviction from the home.

## II.     ANALYSIS

Chapman filed this Motion for Temporary and Restraining Order and Preliminary Injunction under Fed. R. Civ. P. 65(b).  A temporary restraining order may be issued under Rule 65(b):

> (1)     *Issuing Without Notice.*  The court may issue a temporary restraining order without written or oral notice to the adverse party if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  A temporary restraining order expires in 14 days after entry, unless the court extends the order, for good cause, for a like period, or if the adverse party consents to a longer extension.  Fed. R. Civ. P. 65(b)(2).

"The Supreme Court has stated that the Rule 65(b) restrictions 'on the availability of Ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.'" *Reed v. Cleveland Bd. of Educ.*, 581 F.2d 570, 573 (6th Cir. 1978) (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439, (1974)). An ex parte temporary restraining order is "only appropriate where the applicant would

2

face irreparable harm so immediate that it would be improper to wait until after a preliminary injunction hearing to enjoin the non-movant's conduct." *Erad v. Johnson*, 905 F.Supp.2d 782, 791 (E.D. Mich. 2012).

There are two circumstances which would justify the Court proceeding ex parte on a motion for temporary restraining order under Rule 65(b)(1): (1) where notice to the adverse party is *impossible*, and (2) in more limited circumstances, where "notice to the defendant would render fruitless further prosecution of the action." *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993). "In order to justify proceeding ex parte because notice would render further action fruitless, the applicant must do more than assert that the adverse party would dispose of evidence if given notice." *Id*. Instead, a party trying to proceed ex parte "must support such assertions by showing that the adverse party has a history of disposing of evidence or violating court orders or that persons similar to the adverse party have such a history." *Id*. at 651. Parties seeking ex parte relief must do more than allege that the adverse party could destroy evidence. *Id.* ("Showing that the adverse party would have the opportunity to conceal evidence is insufficient to justify proceeding ex parte. If it were, courts would be bombarded with such requests in every action filed. The applicant must show that the adverse party is likely to take the opportunity for such deceptive conduct."). It is an abuse

3

of discretion by the district court if it issued an ex parte temporary restraining order without requiring a plaintiff to certify why notice was not required and without requiring submission of proof to support such. *Id*. at 652.

Chapman failed to make a sufficient showing on one of the prerequisites for obtaining an ex parte order under Rule 65(b), namely, why notice to the various Defendants is not required. Chapman did not submit any evidence that the adverse parties would destroy evidence to justify an ex parte order. Chapman has also failed to show that notice to the various Defendants would render fruitless further prosecution of the action. Chapman has not shown he is entitled to ex parte relief under Rule 65(b) since he failed to show why notice to the adverse parties notice to the adverse party is impossible and/or fruitless.

In addition, no Complaint has been filed in this matter. Rule 3 of the Rules of Civil Procedure provides that "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. A request for Summons was also not filed with the Clerk as set forth in Rule 4. Fed. R. Civ. P. 4. The appropriate filing fees to institute a civil action has not been paid. 28 U.S.C. § 1914. The current civil case filing fee is $405.00. Chapman paid a fee of $52.00 upon the filing of the Motion, but that fee is insufficient to commence a civil action in federal court.

4

Because no Complaint has been filed in this action, there is no case before the Court to review since the initial step to commence a case in federal court has not been met. Without a Complaint, the Court is unable to determine if it has the authority and/or proper jurisdiction to review the claims made by Chapman in his Motion.

### III.  CONCLUSION/ORDER

For the reasons set forth above,

IT IS ORDERED that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction **(ECF No. 1)** is DENIED.

s/DENISE PAGE HOOD  
DENISE PAGE HOOD  
United States District Judge

DATED:  December 16, 2024

5